IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THURMAN HARVEY HINES,              )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CIV-07-197-R
                                   )
STATE OF OKLAHOMA, et al.,         )
                                   )
          Defendants.              )

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered July 10, 2007 [Doc. No. 11], Plaintiff's Objection filed August 1, 2007 [Doc. No. 12] and Plaintiff's Brief in Support of his Civil Rights Complaint and Objection to Report and Recommendation filed October 4, 2007 [Doc. No. 15].  Pursuant to the Order entered herein on August 8, 2007 [Doc. No. 14], the Court treats Plaintiff's Complaint as amended by the forty-six page sworn Statement of Facts attached to the Objection filed August 1, 2007.

Except as otherwise specifically indicated herein, the Court treats Plaintiff's Objection as directed to all material findings and conclusions of the Magistrate Judge in her Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Plaintiff's Objection.

I.  Claims Barred by Heck v. Humphrey

In his Brief in Support of Civil Rights Complaint and Objection to Report and Recommendation, Plaintiff states that he does not want the Court to construe the Complaint herein as a habeas action and suggests that because the district court's dismissal of Plaintiff's § 2254 action, Case No. CIV-07-196-W, as untimely is "under question" by the Tenth Circuit, Plaintiff's claims for malicious prosecution and false imprisonment are not barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).   The Magistrate Judge did not treat Plaintiff's Complaint as seeking habeas corpus relief.   Nor does this Court.   Because a judgment for damages on Plaintiff's claims for arrests without probable cause, malicious prosecution, conspiracy to convict Plaintiff and/or false imprisonment would necessarily imply the invalidity of Plaintiff's convictions and/or sentences in CF-95-2234 and/or CR-04-7025, those claims are barred unless and until those convictions and/or sentences have been reversed.   See Heck v. Humphrey, 512 U.S. at 487, 114 S.Ct. at ____, 129 L.Ed.2d at 394; Roth v. Green, 466 F.3d 1179, 1189-90 (10th Cir. 2006), cert. denied, ___ U.S. ___, 2007 WL 1406376 (Oct. 1, 2007); Wallin v. Arapahoe County Detention Facility, 2007 WL 2153224 (10th Cir. July 27, 2007) (Nos. 06-1373, 06-1376 & 06-1416).

II.     <u>Claims Barred by Immunity</u>

    A.     <u>Eleventh Amendment Immunity</u>

        Plaintiff does not argue that his claims against Defendants State of Oklahoma and the Oklahoma Department of Corrections are not barred by Eleventh Amendment immunity nor that a waiver or abrogation of such immunity exists.  The Magistrate Judge correctly concluded that Plaintiff's claims for monetary and equitable relief against those Defendants must be dismissed.  Likewise, Plaintiff's claims against state officials in their official capacities, because such are deemed to be claims against the State, are barred by Eleventh Amendment immunity and must be dismissed.

    B.     <u>Absolute Judicial Immunity and Court Clerk Immunity</u>

        Plaintiff's objection to the conclusions of the Magistrate Judge that Plaintiff's claims against seven judges of the Oklahoma County District Court and the five judges of the Oklahoma Court of Criminal Appeals are barred by absolute judicial immunity and Plaintiff's claim against Defendant Oklahoma County Deputy Court Clerk Cordill is likewise barred by quasi-judicial immunity is predicated on his apparent misunderstanding that those Defendants have only qualified immunity. The immunity that those Defendants enjoy, however, is absolute immunity, <u>see</u>, <u>e.g.</u>, <u>Stump v. Sparkman</u>, 435 U.S. 349, 363,  98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (absolute judicial immunity); <u>Lundahl v. Zimmer</u>, 296 F.3d 936, 939 (10th Cir. 2002); <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000) (judicial officers); <u>Coleman v. Farnsworth</u>, 90 Fed. Appx. 313, 2004 WL 339590 at *4 (10th

Cir. 2004) (court clerk).  Plaintiff's Objection to the Magistrate Judge's conclusions is without merit.

      C.    <u>Prosecutorial Immunity</u>

      Plaintiff directs no specific objection(s) or arguments to the conclusion of the Magistrate Judge that Plaintiff's claims against former Oklahoma County District Attorney Wes Lane and three Oklahoma County assistant district attorneys, Gloria Gieger, Suann Carlson and Angela Marsee, are barred by absolute prosecutorial immunity.  Accordingly, Plaintiff has waived any objection to this conclusion, <u>see</u> <u>In re Key Energy Resources, Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000); <u>Bustillo v. Hawk</u>, 44 Fed. Appx. 396, 401, 2002 WL 1898933 (10th Cir. 2002), and, in any event, the Magistrate Judge is correct.

III.    <u>Claims Barred by the Statute of Limitations</u>

      The Magistrate Judge concluded in her Report and Recommendation that Plaintiff's § 1983 claims challenging his arrest on April 10, 1995, and subsequent detention and his arrest on December 13, 2004, and subsequent interrogation and detention are barred by the applicable two-year statute of limitations, Okla. Stat. tit. 12, § 95(3).  Plaintiff objects, arguing that the false imprisonment never ended and the statute of limitations on the claims for false arrest and imprisonment relating to the more recent arrest and conviction has not begun to run because Judge Russell Hall in Case No. CR-04-7025 made no probable cause determination.  Plaintiff also argues that he is still in custody without legal process in Case No. CF-95-2234.  Additionally, Plaintiff seems to suggest that the filing of his Complaint in Case No. CIV-05-440-L and of his petition for a writ of habeas corpus in CIV-07-196-W

somehow tolled the statute of limitations on at least some of Plaintiff's claims for false arrest, detention, deceit and fraud.  See Brief in Support [Doc. No. 15] at p.7.  Finally Plaintiff asserts that extraordinary circumstances prevented Plaintiff from filing his claims until February 15, 2007, which should toll the running of the statute of limitations.  The extraordinary circumstances, according to Plaintiff, are that he "was in Fear of his life that State Officials was out to kill and/or do bodily Harm, pursuant to CF.-95-2234 and CR-04-7025" and that psychotropic drugs and voices Plaintiff heard "Kept the Plaintiff from Persuing his claim(s) since 1995 until Now."  Brief in Support [Doc. No. 15] at p.10.

The records in Case No. CF-1995-2234 in the District Court of Oklahoma County, Oklahoma, available on the Oklahoma State Courts Network, reveal that Plaintiff was arraigned and entered a plea of not guilty on April 12, 1995; that on June 16, 1995, Plaintiff waived a preliminary hearing; and that on June 16, 1995, Plaintiff was bound over for trial. Thus, the statute of limitations on Plaintiff's claims for false arrest and detention without probable cause began to run at the latest on June 16, 1995.  See Wallace v. Kato, ___ U.S. ___, 127 S.Ct. 1091, 1096, 166 L.Ed.2d 973 (2007).  Plaintiff's § 1983 claims for false arrest and detention relating to his 1995 arrest are, therefore, long-barred by the two-year statute of limitations.  Likewise, the records in Case No. CF-2004-7025 in the District Court of Oklahoma County, Oklahoma, reveal that charges were filed against Plaintiff on December 22, 2004; that on December 23, 2004, Judge Russell Hall found that there was probable cause to arrest the Plaintiff; and that on December 30, 2004, Plaintiff appeared with court-appointed counsel for arraignment and entered a plea of not guilty.  "[F]alse imprisonment

consists of detention without legal process," and because "false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges," Wallace v. Kato, ___ U.S. at ___, 127 S.Ct. at 1096, 166 L.Ed.2d at 981, the statute of limitation on Plaintiff's claims for false arrest and illegal detention began to run when Plaintiff was arraigned, on December 30, 2004, and those claims, which were not filed until February 15, 2007, are barred by the applicable two-year statute of limitations.  Plaintiff's own evidence reveals that he was interrogated by Defendant Alfred on December 13, 2004.  See "Sworn Affidavit Statement of Facts" attached to Objection to Report and Recommendation [Doc. No. 12] at pp.13-14.  Any other claims Plaintiff is asserting pertaining to the interrogation are therefore also barred by the two-year statute of limitations.

The filing of Plaintiff's petition for a writ of habeas corpus in Case No. CIV-07-196-W has no effect on the running of the statute of limitations on Plaintiff's § 1983 claims for false arrest/false imprisonment.  Plaintiff did file a civil rights complaint pursuant to 42 U.S.C. §1983 on April 18, 2005, see Hines v. Whetsel, Case No. CIV-05-440-L in the United States District Court for the Western District of Oklahoma, in which he alleged that he had been falsely arrested "to Obtain Property by Force and Feare [sic] through Fraud and Deception."  Complaint at ¶ C(1)(A).  However, inasmuch as the only Defendants named in that case were John Whetsel, Sheriff of Oklahoma County, and the Oklahoma County Jail, and Plaintiff did not name Defendant Stephanie Alfred as a Defendant therein, the filing of that action did not toll the running of the statute of limitations on Plaintiff's claims against

Defendant Alfred.  See Importers & Exporters Insurance Co. v. Farris, 181 Okla. 339, 73 P.2d 831, 832 (Okla. 1937) (filing of petition and issuance of summons tolls the statute of limitations "as to the particular parties and the particular claim.").

Plaintiff's argument that the running of the statute of limitations has been tolled because he was in fear for his life, hearing voices and/or taking psychotropic medication is waived because he did not raise that argument before the Magistrate Judge.  See United States v. Garfinkle, 261 F.3d 1030, 1032 n.5 (10th Cir. 2001); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  However, even if the Court considers Plaintiff's argument, the argument is unavailing.  Questions regarding the tolling of the statute of limitations are governed by state law.  Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, ___, 85 L.Ed.2d 254 (1985).  No Oklahoma case recognizes fear for one's life as a basis for tolling. Moreover, Plaintiff's allegation that this prevented him from filing suit is disingenuous given his filing of Case No. CIV-05-440-L on April 18, 2005 and Plaintiff's litigation efforts in state courts.  Oklahoma does provide for tolling of statutes of limitations for a person under a legal disability.  See Okla. Stat. tit. 12, § 96.  However, Oklahoma does not equate mental illness with legal disability.  See Lovelace v. Keohane, 831 P.2d 624, 629 (Okla. 1992). Thus, where an individual was suffering from multiple personality disorder for years, she was not under a legal disability where she was able to conduct her business affairs for a number of years.  Id.  Here, the Court assumes that it is true that Plaintiff has heard voices and/or has been treated with psychotropic medications for a number of years, but those facts do not raise a substantial issue of legal disability given Plaintiff's ability to file, and history of filing, civil

rights and habeas actions in this Court and actions for habeas and other forms of extraordinary relief in state court, which Plaintiff himself has documented in his sworn statement of facts herein.  Likewise, incarceration does not amount to a legal disability in Oklahoma, triggering the tolling of the limitations period.  Ames v. Oklahoma, 158 Fed. Appx. 114, 2005 WL 3307433 (10th Cir. 2005); Miskovsky v. Gray, 109 Fed. Appx. 245, 2004 WL 1909462 (10th Cir. 2004).  Finally, Plaintiff has not alleged, much less shown, that he was denied access to a law library, legal materials and/or a pen during the entire period since the statute of limitations began to run.

Claims Against Public Defenders

Plaintiff makes no specific arguments in support of his objection to the Report and Recommendation insofar as it addresses Plaintiff's claims against public defenders. Accordingly, Plaintiff has waived any objection to that aspect of the Report and Recommendation.

Conspiracy

Plaintiff makes no specific objection and arguments directed to the conclusions and recommendations of the Magistrate Judge concerning Plaintiff's claims against multiple Defendants for conspiracy.  Thus, Plaintiff has waived his objections to this aspect of the Report and Recommendation and, upon review of Plaintiff's Complaint and his entire statement of facts which the Court has deemed to amend the Complaint, the Court concurs in the conclusions of the Magistrate Judge that Plaintiff has failed to "'allege specific facts showing an agreement and concerted action among[st] the defendants.'"  Report and

8

Recommendation at p.19, quoting Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 533 (10th Cir. 1998).

     Claims Against Jess Dunn Correctional Center (JDCC) Officials – Retaliation and Denial of Access to the Courts

     Upon its independent review of Plaintiff's Complaint, the Court concurs in the findings and conclusions of the Magistrate Judge as to those claims.  However, in his sworn statement of facts attached to his Objection to the Report and Recommendation [Doc. No. 12], which the Court treats as amending the Complaint herein, and in his Brief in Support of Civil Rights Complaint and Objection to Report and Recommendation [Doc. No. 15], Plaintiff seems to be suggesting that he missed the one-year deadline for filing his federal habeas action because he was denied access to the law library by the JDCC officials; that the Oklahoma Court of Criminal Appeals refused to exercise jurisdiction over his application for a writ of habeas corpus because he was denied copies by JDCC officials; and that because Plaintiff demanded access to the law library, copies, etc. and filed requests for staff and grievances in connection therewith, JDCC officials retaliated by filing incident reports against Plaintiff which resulted in "withholding or prevented [sic] the Plaintiff from Receiving Earn [sic] Credit days off his Sentence," Brief in Support of Civil Rights Complaint and Objection to Report and Recommendation [Doc. No. 15] at p.14, additional costs and fees, id. at p.15, and Plaintiff having "to do additional time incarcerated by the O.D.O.C. for another (10) Ten Months." Id. at 15.  Plaintiff has submitted some exhibits which support these allegations.  See Exhibits to Motion to Amend.  It thus appears that

Plaintiff may be able to adequately allege § 1983 claims against JDCC officials for denial of access to the courts and for retaliation for the exercise of his First Amendment right of access to the courts.   Accordingly, the Court will grant Plaintiff leave to amend his Complaint to succinctly and properly allege these claims, if he can do so.

Claims Against the Remaining Defendants

The Magistrate Judge concluded that Plaintiff had failed to state claims against the remaining Defendants because those Defendants (1) lack the capacity to be sued; (2) are arms of the state which are shielded by Eleventh Amendment immunity; and/or (3) are municipalities or municipal entities which are not liable under § 1983 solely because their employees inflict injury on a plaintiff and because Plaintiff has failed to allege or demonstrate the existence of a municipal policy or custom which directly caused the injury alleged.   Moreover, as to Defendant Sheriff Whetsel, the Magistrate Judge found that Plaintiff has not alleged that he "committed any constitutional violations in furtherance of any of Oklahoma County's policies or customs, or personally participated in a specific violation of a constitutional right."   Report and Recommendation at p.25 (citation omitted).

In his Brief in Support of Civil Rights Complaint and Objection to Report and Recommendation at p.22, Plaintiff states that he brings his claims against Defendant Whetsel for lack of supervision and states as follows:

> There is an unwritten Policies in the OCDC [Oklahoma County Detention Center] that D. [detention] officer's [sic] can use unecessary Force on prisoners as long as it is in out of Camera.   And if any of the Inmates speak during the Audio Vedeo [sic] Probable Cause [hearing] to Restraint them.   "As when the Detention Officer Vascass Twisted the Plaintiff's arm in the Back of

his body where the Plaintiff's shoulder has been damaged and must go under
Surgery or it will be permenitt [sic].

Plaintiff suggests that Sheriff Whetsel's failure to supervise and to prevent harm amounts to

deliberate indifference to Plaintiff's and detainee's Eighth Amendment rights.  See id. at

p.22-3.  Additionally, Plaintiff states that the head of the OCDC is responsible for ensuring

that inmates get outside exercise after 30 days of restricted confinement to cells and that

Plaintiff did not receive any outside exercise for 130 days.  Additionally, Plaintiff asserts that

Sheriff Whetsel has an unwritten policy and custom that his employees are not to allow

inmates who have public defenders, are not on a certain floor, or do not have a court order

authorizing them to proceed pro se access to the law library.  See id. at p. 23.

None of the foregoing allegations are included in Plaintiff's Complaint, as amended.

See Complaint at p.15; Sworn Affidavit Statement of Facts attached to Objection to Report

and Recommendation.  An objection to a Report and Recommendation or brief in support is

not the pleading in which to make allegations necessary to state a claim.

The conclusions of the Magistrate Judge are correct.  Plaintiff's objections are based

upon claims not made in his Complaint, as amended, and are otherwise waived.

Supplemental State Tort Claims

The Magistrate Judge recommended that the Court decline to exercise supplemental

jurisdiction over Plaintiff's state law claims inasmuch as she recommended dismissal of all

of Plaintiff's § 1983 claims for failure to state a claim on which relief can be granted.  This

Court, however, is granting leave to Plaintiff to amend his Complaint but only insofar as to

attempt to properly state § 1983 claims against JDCC officials for denial of access to the courts and for retaliation for the exercise of the right of access to the courts.  The Court would therefore defer a decision as to whether to exercise supplemental jurisdiction over Plaintiff's state law claims except that it is clear that Plaintiff's state law claims for false arrest, false imprisonment and malicious prosecution are barred by the applicable one-year statute of limitations, Okla. Stat. tit. 12, § 95(4), Plaintiff has failed to state a claim or claims for conspiracy under state law and Plaintiff's claims for compensatory damages for intentional infliction of emotional distress are barred by the Prison Litigation Reform Act (PLRA) because Plaintiff has not alleged that he suffered a physical injury as required by 42 U.S.C. § 1997e(e).  See Searles v. Van Bebber, 251 F.3d 869, 877 (10th Cir. 2001).  Those state law claims are, therefore, dismissed for failure to state claims on which relief can be granted.

Conclusion

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 11] is ADOPTED in part and REJECTED in part.  The Report and Recommendation is ADOPTED insofar as it recommends that all of Plaintiff's § 1983 claims against all Defendants be dismissed with the exception of Plaintiff's § 1983 claims against Jess Dunn Correctional Center officials for denial of access to the courts and for retaliation for the exercise of the right to access the courts, in which respect the Report and Recommendation is REJECTED.  The Court grants Plaintiff leave to file an Amended Complaint within fifteen (15) days of the date of this Order succinctly and properly alleging his § 1983 claims against the JDCC Officials for denial of access to the courts and for retaliation for the exercise of the right to access the courts, only.  The Report and Recommendation of the Magistrate Judge is REJECTED insofar as it recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. However, the Court dismisses Plaintiff's state law claims for false arrest, false imprisonment, malicious prosecution, conspiracy and a claim for compensatory damages for intentional infliction of emotional distress for failure to state claims on which relief can be granted.  See 28 U.S.C. § 1915A(b)(2); 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court defers a determination of whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, if any, until after Plaintiff has filed an Amended Complaint, leave to file which is granted herein, and it is determined whether Plaintiff can and has stated any § 1983 claims for denial

of access to the courts and/or retaliation for access to the courts on which relief can be granted.

Given this Court's Order of August 8, 2007 [Doc. No. 14] treating Plaintiff's Complaint as amended by the forty-six page sworn Statement of Facts attached to Plaintiff's Objection filed August 1, 2007, and this Order granting Plaintiff leave to file an Amended Complaint limited only to certain claims, the Court ADOPTS the recommendation that Plaintiff's motions to supplement and/or amend [Doc. Nos. 7 & 10] be denied and those motions are DENIED as moot.

**IT IS SO ORDERED this 17th day of October, 2007.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE