IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-197-R |
| ) | |
| JESS DUNN CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. [Doc. No. 20]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] The Oklahoma Department of Corrections ("DOC") has filed Special Report [Doc. No. 48] in accordance with this Court's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Defendants filed a motion to dismiss, alleging that *inter alia* that Plaintiff has failed to exhaust his administrative remedies as to the claims in the amended complaint, as required by 42 U.S.C. § 1997e(a). [Doc. No. 47].

---

[1] Plaintiff filed his initial complaint in this case on February 15, 2007. [Doc. No. 1]. In a Report and Recommendation entered by the undersigned, it was recommended that the complaint be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983. [Doc. No. 11]. Judge Russell adopted that recommendation. [Doc. No. 14]. Ultimately, Plaintiff was allowed to file the instant amended complaint naming four Jess Dunn Correctional Center officials as Defendants. [Doc. No. 20]. Thereafter, Plaintiff filed a motion for default judgment, and adopting a second Report and Recommendation, Judge Russell denied Plaintiff's motion and allowed the Defendants an extension of time to file a answer/motion in response to the amended complaint. [Doc. No. 46]. Defendants thus filed a motion to dismiss on September 2, 2008 [Doc. No. 47], and Plaintiff filed his reply to Defendants' motion on December 16, 2008. [Doc. No. 53].

In support of the motion to dismiss Defendants rely on documentation included in the Special Report.  An order entered October 9, 2008, notified Plaintiff that Defendants' motion would be construed as one for summary judgment and advised him of the requirements of Fed. R. Civ. P. 56 and Local Civil Rule 56.1.  [Doc. No. 52].  Thereafter, Plaintiff responded to the motion [Doc. No. 53], placing the matter at issue.  For the following reasons, it is recommended that Defendants' motion to dismiss, construed as one for summary judgment (hereinafter "Defendants' Motion"), be granted and that Plaintiff's amended complaint be dismissed in its entirety for failure to exhaust his administrative remedies.

**Plaintiff's Complaint**

Plaintiff filed his amended complaint while an inmate in the custody of the Oklahoma Department of Corrections ("DOC") incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma.  His claims revolve around events that allegedly occurred during his incarceration at Jess Dunn Correctional Center ("JDCC") between August 2006 and March 2007.  Named as Defendants in the amended complaint are the following JDCC officials: law library supervisor Eugenia Sherron, officer Will R. Thomason, unit manager Terry Alexander, and deputy warden Terry Martin.  In a single count Plaintiff essentially alleges that Defendants violated Plaintiff's First Amendment right to access to the courts and retaliated against him for exercising his constitutional right to access the courts, resulting in emotional and psychological distress. Although the factual basis for Plaintiff's sole claim is difficult to follow, liberally construing the amended complaint, the undersigned has identified the following supporting facts.  Plaintiff alleges that in September and October of 2006, he

was attempting to meet a 30-day deadline to appeal an order entered by the state district court on September 26, 2006, denying his petition for a writ of habeas corpus. Amended Complaint, p. 3. Plaintiff further alleges that on or about November 21, 2006, Defendant Alexander "deliberately and intentionally" found Plaintiff guilty of three misconduct reports and conspired with Defendant Sherron during the misconduct proceedings. *Id.*, p. 4. Plaintiff alleges that Defendant Thomason conspired with Defendant Sherron and violated his right to access the courts by failing to return to Plaintiff certain "legal reference material" apparently confiscated as contraband, deliberately thwarting his efforts to file his "habeas corpus petition in the OCCA." *Id.*, pp. 4-5. He also alleges that "on and about several occasions" Defendant Martin refused to reprimand and prohibit Defendant Sherron from violating Plaintiff's right to access the courts. *Id.*, p. 5. As to Defendant Sherron, Plaintiff alleges that "on and about several occassions [sic]," the law library supervisor interfered with his right to access to the courts by refusing to allow Plaintiff to make copies of documents to send to the OCCA and documents relating to a state tort claim against JDCC officials, and by falsely stating that Plaintiff did not have a court ordered deadline. *Id.*, p. 6. According to Plaintiff, Defendant Sherron caused the other JDCC officials to conspire against him during his efforts to access the courts. *Id.*, p. 7. Plaintiff requests a jury trial, damages, and injunctive relief "for the obstruct: of the due course of the administration of justice." *Id.*, p. 8.

**Standard of Review - Summary Judgment**

Summary judgment may be granted only where the pleadings and any supporting

documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving] party." *Id.* at 252. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Analysis

### Exhaustion of Administrative Remedies

Defendants contend that Plaintiff failed to adequately exhaust the administrative remedies available to him at the JDCC. Specifically, Defendants argue Plaintiff did not file any grievances or grievance appeals pertaining to the allegations in the amended complaint.

The Prison Litigation Reform Act of 1995 ("PLRA")[2] requires that a prisoner exhaust

---

[2] The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e.

all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). To comply with this requirement, a prisoner must fully observe the prison's grievance procedures. *Jones*, 549 U.S. at 218; *Woodford v Ngo*, 548 U.S. 81, 90 (2006). Thus, an inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies. *Jernigan v. Stuchell*, 305 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007). Courts, however, "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

There is no dispute between the parties that Plaintiff was required to exhaust his administrative remedies pursuant to the DOC grievance procedures, OP-090124. *See* Defendants' Motion, Ex. 1 (Inmate/Offender Grievance Process, OP-090124).[3] This process

---

[3] The relevant DOC policy submitted by Defendants, has an effective date of May 3, 2007,
(continued…)

requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff. *Id.* at IV(A). If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint. *Id.* at IV(B). Should the informal attempts at resolution fail, the inmate's next step is submission of a "Inmate/Offender Grievance Report Form." *Id.* at V(A). An unfavorable response to the grievance may then be appealed to the administrative review authority or chief medical officer, as appropriate. *Id.* at VII. The ultimate ruling of the administrative review authority or chief medical officer concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. *Id.* at VII(D). The administrative process is exhausted only after all of these steps have been taken.

The summary judgment evidence establishes that Plaintiff did not exhaust the administrative remedies available to him. Defendants have submitted an affidavit by Cheryl Bryan, a JDCC Administrative Programs Officer, establishing that a search of the JDCC and DOC Administrative Review records revealed that while incarcerated at JDCC Plaintiff filed no grievances regarding his access to the courts, access to the JDCC law library, and/or access to legal materials. S.R., Att. 33. Additionally, Elizabeth Clayton, Administrative Programs Officer of the DOC Administrative Review Unit, has submitted an affidavit averring that Plaintiff filed no grievance appeals from November 2006 to June 2007

---

[3](…continued)
which is subsequent to the events challenged by Plaintiff in his amended complaint. However, Plaintiff does not contest the validity of the applicability of the relevant policy; rather, he appears to contend that some of his grievances were intercepted by staff or were not answered. Plaintiff's Response, p. 2.

concerning "photocopies, access to the law library, access to court, copies of forms." *Id.* Clayton further avers that Plaintiff has filed no requests to submit a grievance appeal out of time. *Id.* Thus, Defendants have met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of failure to exhaust.

In the face of this evidence, Plaintiff must "demonstrate with specificity the existence of a disputed material fact." *Hutchinson,* 105 F.3d at 564. In his response to Defendants' motion [Doc. No. 53], Plaintiff provides no evidence that he utilized the DOC administrative remedy procedure. Rather, Plaintiff alleges that he is "undergoing mental health treatment at this moment in time," and that the DOC is preventing his access to his mental health record showing "[his] incompetency to continue[] said litigation." Plaintiff's Response, p. 1. Additionally, Plaintiff appears to allege that "several Requests to Staff" and "a few grievances" were either "[i]ntercepted," "thrown in the trash" or not answered. *Id.*, p. 2.

Although a prison litigant may avoid summary judgment by producing evidence conflicting with that in the *Martinez* report, or by alleging contradictory facts in a verified complaint based on personal knowledge, *see Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), Petitioner has done neither. He has produced no evidence relating to the issue of exhaustion and he has failed to raise a proper challenge to the assertions of non-exhaustion in the *Martinez* report and Defendants' motion. *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (finding Plaintiff's conclusory allegations insufficient to controvert the allegations of a *Martinez* report). Exhaustion is complete only when the grievance procedures are properly utilized, and the failure to complete the administrative exhaustion

process is fatal. *Jernigan*, 304 F.3d at 1032. Based on the record in this case, the undersigned finds that Plaintiff has failed to demonstrate the existence of a genuine issue of material fact with respect to the exhaustion of administrative remedies. *See, e.g., Stone v. Albert*, No. 06-2336, 2007 WL 4230702, *3 (10th Cir. Dec. 3, 2007) (unpublished)[4] (noting that uncontradicted affidavit of prison records custodian was sufficient to establish that prisoner failed to exhaust administrative remedies). Accordingly, the undersigned recommends that Defendants' Motion, construed as one for summary judgment, be granted.

**Supplemental State Tort Claims**

To the extent the amended complaint may also be read to include various state law theories, it is recommended that the Court decline to exercise its jurisdiction over such claims. Based on the recommendation that Plaintiff's amended complaint be dismissed for failure to exhaust his administrative remedies, it is proper for the Court to decline supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Tonkovich v. Kansas Bd. of Regents*, 254 F.3d 941 (10th Cir. 2001) (affirming dismissal of state law claims where plaintiff's § 1983 claims had all been dismissed and no other basis for federal court jurisdiction remained).

**Plaintiff's Pending Motion**

Before Defendants moved to dismiss the amended complaint for failure to exhaust administrative remedies, Plaintiff filed a "Motion for Summary Judgment and to Order

---

[4] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Settlement Conference." [Doc. No. 28]. By this motion, Plaintiff essentially argues that he is entitled to summary judgment because Defendants failed to controvert his claims of retaliation and conspiracy. However, adoption of the recommendation herein to dismiss the complaint for failure to exhaust would moot Plaintiff's motion for summary judgment. *See e.g., Ashley Creek Phosphate Co. v. Chevron Corp.*, No. 01-1074, 2003 WL 22139006, *1 (10th Cir. Sept. 17, 2003) (unpublished) (holding that the plaintiff's appeal of discovery orders became moot when there were "no claims pending between the principal litigants"). Accordingly, the Court should deny Plaintiff's motion for summary judgment as moot.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge, that Defendants' motion [Doc. No. 47], construed as one for summary judgment, be granted and that Plaintiff's amended complaint [Doc. No. 20] be dismissed in its entirety. It is further recommended that Plaintiff's "Motion for Summary Judgment and to Order Settlement Conference" [Doc. No. 28] be denied. Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 20th day of April, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of March, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE